[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11122
_____

D.C. Docket No. 5:12-cv-00177-MMH-PRL


LOUIS SCHWARZ, DORIS SCHWARZ, JANICE HICKEY,
THOMAS HICKEY, BERNIE BROWN, ELIZABETH HOLST,
STEPHEN HOLST, JOANNA LANGLAIS, FRANCIS LANGLAIS,
PATRICIA SMART, ROBERT SMART, RICHARD MCELWAIN,
BYRON ZIMMERMAN, SHIRLEY ZIMMERMAN, JOHN WILSON,
CHARLES MARTIN, RANDALL WALKER, EVELYN WALKER,
MAUREEN OSGOOD, CAROLE PAUL, MARY KAY PICKERING,
ANDREW ST. JOHN, KAREN RUSSELL, CLARENCE RUSSELL,
RICHARD WOODS, LINDA WOODS, ROBERT MCDEVITT,
LYNN STIRLING, KATHLEEN MCELWAIN, BARBARA ACHIN,
RICHARD ACHIN, DIANE ST. JOHN, KENNY HYNES, MARY WILSON,

Plaintiffs - Appellants,


versus


BOARD OR SUPERVISORS,
on behalf of the Villages Community Development Districts, et al.,

Defendants,


THE VILLAGES CHARTER SCHOOL, INC.,
d.b.a. The Villages Lifelong Learning College,
THE VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT,
SUMTER LANDING COMMUNITY DEVELOPMENT DISTRICT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2017)

Before WILSON and JULIE CARNES, Circuit Judges, and TREADWELL,[*]
District Judge.

PER CURIAM:

Plaintiffs brought a law suit claiming that Defendants had violated various
federal statutes in their refusal to provide sign-language interpreters or other
accommodations for deaf homeowners living within the retirement communities
operated by Defendants. The district court granted Defendants' motion for
summary judgment. After reviewing the record and the parties' briefs, and with
the aid of oral argument, we affirm for the reasons stated in the district court's
well-reasoned order.

Plaintiffs are thirty-four deaf residents of The Villages, a planned retirement
community in Florida. The community is comprised of several community
development districts, which are statutorily-created government entities subject to
the same laws as any other municipality. Two of these districts, the Village Center

_____

[*] Honorable Marc T. Treadwell, United States District Judge for the Middle District of Georgia,
sitting by designation.

2

Community Development District and the Sumter Landing Community Development District (together, "the Districts"), are defendants in this action.[1]

Residents of The Villages have created over 2000 clubs in which their fellow residents who share mutual interests may participate. These clubs, known as Resident Life Groups ("Resident Groups"), cover a wide array of interests. There are, for example, card clubs, educational clubs focused on a particular subject matter, exercise clubs, athletic groups, support groups, college alumni groups, theatrical and musical groups, and car clubs. The Resident Groups are organized and run by the residents who participate in those clubs. The Districts do not supervise or direct the activities of a particular Resident Group. To the contrary, volunteers within the particular Resident Group plan and lead the programs and coordinate the logistics of scheduling meeting dates and places. The Districts do allow Resident Groups to use District recreation facilities to hold their meetings, and the Districts coordinate with volunteer leaders of the Resident Group to schedule meeting times and places.

Plaintiffs sued the Districts, arguing that, as governmental entities, the latter are required by federal law to provide sign-language interpreters for meetings of these Resident Groups. Specifically, Plaintiffs claim that Defendants are obligated

---

[1] Plaintiffs also brought claims against The Villages Charter School, a separate entity from the Districts, but Plaintiffs' claims against the Charter School are not at issue in this appeal.

3

to provide accommodations for their disability under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3603 *et seq.*

The district court granted summary judgment as to claims relating to the Resident Groups. Concerning the ADA and Rehabilitation Act claims,[2] the district court held that the Resident Groups are not a service, program, or activity of the Districts, nor are they an instrumentality of the Districts, meaning that the Districts are therefore not subject to the ADA or the Rehabilitation Act based on the activities of these groups. Similarly, the district court concluded that the Districts had not run afoul of the FHA because Plaintiffs are not denied access to facilities covered by the FHA, and the Resident Groups are not themselves a service of the Districts. We agree with these holdings.

Second, Plaintiff had also sued the Districts arguing that the Districts, themselves, had not complied with the above federal statutes based on the Districts' failure to provide appropriate accommodations for District-sponsored activities, as opposed to activities organized by the residents themselves via Resident Groups. The Districts agree that, as governmental entities, they are required to provide the necessary accommodations dictated by the ADA and the Rehabilitation Act for District activities. The district court also granted summary

---

[2] Rehabilitation Act claims apply the same standards as ADA claims and can be considered together, as the district court did. *See Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

judgment as to the claims relating to District-sponsored activities, holding that Plaintiffs had waived any challenge to the Districts' motion for summary judgment on this ground by failing to address this claim in Plaintiffs' response to the Districts' motion for summary judgment.  We agree with the district court that Plaintiffs waived these claims by failing to address them in their summary judgment response, and we therefore affirm as to these claims, as well.

**AFFIRMED.**